# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| PAUL A ROBBINS,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-19-0191-I-1 |
| 　　　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DATE: July 9, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brian A. Robbins, Canyon Lake, California, for the appellant.

Lori L. Markle, Esquire, and Roderick Eves, Esquire, St. Louis, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed the agency's decision denying his application for early retirement under a Voluntary Early Retirement Authority (VERA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the issue of whether a partial military service credit deposit in February 2018 might have made the appellant eligible for early retirement under the terms of the VERA, we AFFIRM the initial decision.

¶2      On January 4, 2018, the agency offered a nationwide VERA for Mail Handlers who were either (1) at least 50 years of age with at least 20 years of service or (2) were any age with at least 25 years of service.[2] *Id*. at 26. The VERA was authorized by the Office of Personnel Management (OPM) through March 31, 2018. *Id*. at 26-27. The appellant, a Mail Handler who was 48 years old at the time, with 23 years of agency service, made a deposit covering 3 years of military service. IAF, Tab 1 at 2, Tab 12 at 21, 24, 30-32. However, on February 21, 2018, the agency noted a discrepancy in his military service dates that indicated he actually had 5 years of military service. IAF, Tab 12 at 22, 24, 28, 31-32. The appellant obtained and submitted corrected documentation from the Defense Finance and Accounting Services (DFAS), and he paid the corrected amount due in full. *Id.* at 18, 31. However, the agency found that the appellant

---

[2] There were certain other eligibility conditions that are not at issue in the instant appeal. IAF, Tab 12 at 27.

was ineligible for early retirement because he had not completed his military service deposit before the March 31, 2018 deadline passed. IAF, Tab 7 at 3-4.

¶3 The appellant filed a Board appeal and declined a hearing. IAF, Tab 1 at 1-2. After the close of the record, the administrative judge issued an initial decision affirming the agency's decision. IAF, Tab 17, Initial Decision (ID). He found that the appellant did not complete all of the steps necessary for his voluntary early retirement application until after the VERA deadline had already passed, and although the appellant's inability to do so may not have been his fault, these circumstances did not render the agency's decision improper. ID at 4.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

¶5 The appellant's arguments on review do not establish that the administrative judge made any error of fact or law warranting reversal of the initial decision. We have considered, however, whether the appellant's deposit for three years of military service was sufficient to make the appellant eligible for the VERA. We find that it was not.

¶6 It is undisputed that, within the VERA timeframe, the agency accepted a deposit payment from the appellant covering 3 years of military service from September 22, 1988, to September 21, 1991. IAF, Tab 1 at 2, Tab 12 at 21, 24, 30-32. These 3 additional years of service would have been sufficient to bring the appellant's total creditable service to 26 years, thus bringing him within the scope of the VERA. However, we find that this did not constitute a valid deposit under 5 U.S.C. § 8422(e), which requires that the amount of the deposit be based on "each period of military service." 5 U.S.C. § 8422(e)(1)(A). OPM, which has been explicitly authorized to issue implementing regulations, 5 U.S.C. § 8422(e)(7)(C), has interpreted "period of military service" to mean "distinct period of military service,"[3] 5 C.F.R. § 842.307(a), (d). The regulations provide that an

_____

[3] The validity of OPM's regulations has not been challenged.

employee may make a deposit for "any distinct period of military service." 5 C.F.R. § 842.307(a). They further provide as follows:

> *Distinct periods of service*. A deposit is not considered to have been made for any distinct period of service unless the total amount due for the period is paid in full. A "distinct period" for this purpose is the total years, months, and days from the date of entry on active duty (or from January 1, 1957, if later) to the date of final discharge for enlisted military personnel, or to the date of final release from active duty for officers and reservists. A "distinct period" also includes consecutive periods of service where there is no break in service, but does not include any lost time.

5 C.F.R. § 842.307(d). Reviewing the appellant's DD-214 in light of OPM's regulations, we find that he had but one distinct period of military service, spanning 5 years from September 22, 1988 to September 21, 1993, without a break. IAF, Tab 9 at 28. The deposit that he tendered to the agency in February 2018 covered only 3 years of that service, from September 22, 1988, to September 21, 1991. IAF, Tab 1 at 2, Tab 12 at 21, 24, 30-32. This was not a distinct period of military service for purposes of the regulation; rather, it was part of a distinct period. We therefore find that, as a matter of law, the appellant was not considered to have made a deposit for his military service when he tendered this partial payment in February 2018. *See* 5 C.F.R. § 842.307(d). Payment in full was not made until after the VERA expired. IAF, Tab 12 at 18. We therefore agree with the administrative judge that the appellant did not become eligible for early retirement before the VERA expired. ID at 4.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                      *Gina K. Grippando*
                      _____
                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C.